**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Anthony Graham,

Petitioner, Case No.: 1:10-cv-616

v. Judge Michael R. Barrett

Warden, Chillicothe Correctional Institution,

Respondent.

**OPINION & ORDER**

This matter is before the Court on Magistrate Judge Karen L. Litkovitz's July 22, 2011, Report and Recommendation ("Report") (Doc. 12) and Petitioner Anthony Graham's corresponding Motion for an Evidentiary Hearing (Doc. 2) and Petition for Writ of Habeas Corpus (Doc. 1).[1] The Report recommends that Petitioner's writ be denied with prejudice. (Doc. 12, 53.) Petitioner has filed an Objection (Doc. 13).

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2]

Petitioner's Objections are ripe for review. For the reasons stated below, the Court overrules Petitioner's Objections, and the Report is ADOPTED in its entirety.

## I. Background

The facts of this case are derived from the state court record and are presumed

[1] All Court document citations are to Docket Entry numbers.

[2] Notice was attached to the Report regarding objections. (Doc. 12, 55.)

correct under 28 U.S.C. § 2254(e)(1). Because they are sufficiently detailed in the Report, in Petitioner's memorandum in support of his Petition for Writ of Habeas Corpus, and in Respondent's Answer/Return of Writ (Doc. 12, 1–6; Doc. 1-1, 2–8; Doc. 10, 2–12), the Court only repeats the most basic facts here.

On October 15, 2007, Petitioner was indicted on one count of possession of marijuana in violation of O.R.C. § 2925.11(A) and one count of trafficking in marijuana in violation of O.R.C. § 2925.03(A)(2). (Doc. 12, 1.) These charges stemmed from a traffic stop.

On October 9, 2007, Deputy Brian Lewis of the Warren County Sheriff's Office, a member of the Warren County Drug Task Force and a canine drug-dog handler, was monitoring traffic on Interstate 71. (Doc. 12, 2.) Deputy Lewis noted "unusual driving behavior" in a Dodge Caravan minivan driven by Petitioner. (Doc. 1-1, 3.) The minivan was going 64 m.p.h. in a 65 m.p.h. zone, and while traveling in the left lane, Petitioner slowed to 59 m.p.h. as he passed Deputy Lewis's vehicle. This caused a semi-truck following Petitioner to apply its brakes "to avoid a rear-end collision with the van." (Doc. 12, 2.) Deputy Lewis pulled onto the highway to follow the minivan, and after he changed over to the right lane, Deputy Lewis observed Petitioner drift over the center line and back again. Deputy Lewis also observed the minivan's speed fluctuate from the mid-50s up to the mid-60s and back again. Deputy Lewis pulled over the minivan at that point. (Doc. 12, 2.)

After discovering that the minivan was rented and that it contained a passenger, Winston Thomas, Deputy Lewis visually scanned the minivan noticing an air freshener in the back and various garbage bags and clothes piled up. The minivan had been

rented in Boston, Massachusetts, the previous night. Questioning him alone, Thomas told Deputy Lewis that he and Petitioner had driven from Boston to visit friends in Cincinnati. However, Thomas could not provide a specific address or location where this visit occurred. (Doc. 12, 2.) Also questioned separately, Petitioner told Deputy Lewis that they were visiting family in Cincinnati. He could not give a specific location or address. Other points of their stories were inconsistent as well. (Doc. 12, 3.)

When backup assistance arrived on the scene, Thomas and Petitioner were both searched before being placed in the backup unit's police cruiser. This search uncovered over $2,000 in cash wrapped in a McDonald's bag in the back of Thomas' waistband. With backup on the scene, Deputy Lewis felt the situation was secure enough to perform a canine sniff of the vehicle. The dog alerted on the back of the van and the driver-side door. (Doc. 12, 3.) After a quick search, 313 pounds of marijuana was discovered. (Doc. 1-1, 5.)

Soon thereafter, Detective Dan Schweitzer of the Warren County Drug Task Force and Special Agent Raymond Dratt of the Drug Enforcement Agency separately interviewed Thomas and Petitioner. Petitioner told them that while at a Dunkin' Donuts in the Kenwood Mall area of Cincinnati, Thomas met three unknown males. These three men drove off in the minivan and brought it back a few hours later. Petitioner stated that Thomas told him the men were family members. When the men returned with the minivan, Petitioner stated that he and Thomas immediately started back towards Boston. Petitioner alleged that he did not know about the drugs and that he was just a driver. (Doc. 12, 3.)

At trial, Petitioner filed a motion to suppress and argued that his stop, detention,

and search were unlawful. The trial court denied the suppression motion. (Doc. 12, 4.) Petitioner proceeded to a jury trial where he was convicted and sentenced to a mandatory eight years in prison. (Doc. 1-1, 7.)

Petitioner filed a motion for new trial, but this was denied. (Doc. 12, 4.) Thereafter, Petitioner appealed to the Twelfth District Court of Appeals where his conviction and sentence were affirmed. He further appealed to the Ohio Supreme Court who declined to accept jurisdiction of his case. (Doc. 1-1, 7.)

On September 9, 2010, Petitioner filed his Petition for Writ of Habeas Corpus before this Court. (Doc. 1.) In his Memorandum in Support, Petitioner alleges the following grounds for relief:

> Ground One: Petitioner's Fourth Amendment right to be free from unreasonable searches and seizures was violated when he was stopped, detained, and searched unlawfully; and when the trial court failed to suppress the evidence found as a result of that unlawful search and seizure.
>
> Ground Two: Petitioner's federal due process rights were violated when the trial court permitted a DEA agent to testify that in his opinion petitioner was a drug courier.
>
> Ground Three: Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court prevented him from presenting a defense and confronting witnesses against him at his trial.
>
> Ground Four: Petitioner was denied due process of law in violation of the Fourteenth Amendment when the prosecutor engaged in numerous instances of prosecutorial misconduct including improper comments on his post-arrest silence in violation of his Fifth Amendment rights.
>
> Ground Five: Petitioner's Sixth Amendment right to confrontation was violated when the trial court admitted the forensic laboratory report without the State presenting the testimony of the lab technician who performed the analysis thereby denying him a fundamentally fair trial.

> Ground Six: Petitioner's Fourteenth Amendment due process rights were violated when he was found guilty of possession of marijuana and trafficking of marijuana when the evidence was insufficient to support that finding.
>
> Ground Seven: Petitioner is entitled to federal habeas corpus relief as he has established "actual innocence."
>
> Ground Eight: The mandatory prison sentence imposed upon petitioner was unconstitutional as it removed all discretion from the province of the judiciary and violated separation of powers; constituted cruel and unusual punishment; and violated petitioner's Sixth Amendment right to a jury trial.
>
> Ground Nine: Petitioner was denied his right to effective assistance of counsel secured to him by the Sixth and Fourteenth Amendments to the Constitution of the United States.
>
> Ground Ten: The cumulative effect of the trial court's error led to a wrongful verdict in violation of petitioner's constitutional rights of due process.

(Doc. 12, 7) (*citing* Doc. 1, *passim*).

The Report concluded as follows. First, the Report denied Petitioner's Motion for an Evidentiary Hearing (Doc. 2), reasoning that "all of petitioner's claims for relief are capable of resolution based on the present record." (Doc. 12, 9.) Thereafter, upon analyzing each of Petitioner's grounds for relief, the Report recommends that Petitioner's 28 U.S.C. § 2254 Petition for Writ of should be denied with prejudice. The Report further recommends that a certificate of appealability should not issue with respect to the claims that are waived and thus procedurally barred from review. Additionally, the Report recommends that a certificate of appealability should not issue with respect to the claims addressed on the merits in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed

further." Finally, the Report recommends that with respect to any application by Petitioner to proceed on appeal *in forma pauperis*, this Court should certify that an appeal of any Order adopting the Report would not be taken in "good faith," and therefore, Petitioner should be denied leave to appeal *in forma pauperis*. (Doc. 12, 53–54.) Petitioner has filed an Objection challenging these recommendations. (Doc. 13.)

Specifically, Petitioner maintains the following eleven objections: (1) Petitioner's Fourth Amendment claim in ground one is not barred from federal habeas review (Doc. 13, 2); (2) Petitioner is entitled to relief based on the claim in ground two challenging the admission of a state witness's opinion testimony as a violation of due process (Doc. 13, 10); (3) ground three should not be denied as lacking a factual basis or record support (Doc. 13, 13); (4) Petitioner is entitled to relief due to prosecutorial misconduct as alleged in ground four (Doc. 13, 15); (5) Petitioner is entitled to relief on ground five due to a violation of the Confrontation Clause (Doc. 13, 16); (6) the magistrate judge's determination that Graham failed to demonstrate he is actually innocent of the charges as alleged in ground seven is clearly erroneous (Doc. 13, 18); (7) Petitioner is entitled to relief on ground nine as he was deprived of the effective assistance of counsel (Doc. 13, 20); (8) Petitioner is entitled to relief based on his claim in ground six challenging the sufficiency of the evidence supporting his convictions (Doc. 13, 23); (9) Petitioner is entitled to relief in ground eight as his sentence is unlawful as it violates the doctrine of separation of powers (Doc. 13, 24); (10) Petitioner's motion for an evidentiary hearing should have been granted (Doc. 13, 24); and (11) the magistrate judge erred by not recommending that a certificate of appealability issue (Doc. 13, 25). The Court addresses each of these objections in turn.

## II. Analysis

### A. Standard of Review

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Petitioner has timely objected here.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state-court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in

*Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (*quoting Williams*, 529 U.S. at 412). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 at 413. The Sixth Circuit has held that even if a federal court determines that a state court incorrectly applied federal law, the court still cannot grant relief unless it also finds that the state-court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

**B. Petitioner's Objections**

Petitioner makes eleven separate objections. (Doc. 13, *passim*.) The Court considers each seriatim.

**1. First Objection**

Petitioner's first objection maintains that his Fourth Amendment claim, as alleged in ground one, is not barred from federal habeas review. (Doc. 13, 2.) Petitioner's ground one basis for relief states that "Petitioner's Fourth Amendment right to be free from unreasonable searches and seizures was violated when he was stopped, detained, and searched unlawfully; and when the trial court failed to suppress the evidence found as a result of that unlawful search and seizure." (Doc. 12, 7.) Petitioner maintains that "he never received a '*full and fair*' hearing on this matter in the state court, and as such the magistrate's conclusion is clearly erroneous." (Doc. 13, 3.)

Petitioner concedes that he did have a hearing on his Fourth Amendment motion to suppress, but he asserts that "it was not a full and fair hearing as required by the Supreme Court in *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037 (1976)." (Doc. 13, 3.) Petitioner argues that based on this, the definition of "opportunity for full and fair consideration" should not be limited to simply the procedural opportunity to raise or otherwise present a Fourth Amendment claim." (Doc. 13, 3.) At bottom, Petitioner maintains that "the state court committed an 'egregious error' in the application of established Fourth Amendment law to his case," and, "there was absolutely no legal basis to detain and search Graham, and that the state court refused to apply the appropriate constitutional standards by denying his motion to suppress." (Doc. 13, 4) (*citing Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982) (holding that "[w]hen a petitioner alleges egregious error in the application of fourth amendment principles, of a magnitude and nature similar to the state court error present in *Gamble* [*v. Oklahoma*, 583 F.2d 1161 (10th Cir. 1978)] . . . a federal habeas court might be justified in concluding that an opportunity for a full and fair hearing had not been afforded the petitioner").

In response to this argument, the Report states, "the record does not reflect the magnitude or type of 'egregious error' referred to in *Riley* as possibly justifying a finding that the opportunity for a full and fair hearing was thwarted." (Doc. 12, 12.) This Court agrees. Petitioner presented his suppression motion to the trial court, he received a hearing, and he challenged the trial court's ruling on direct appeal to the Ohio Court of Appeals and the Ohio Supreme Court. (Doc. 12, 12.) Petitioner received a "full and fair" hearing on this issue and the state courts all followed applicable precedent.

Accordingly, Petitioner's claim challenging the denial of his motion to suppress is barred from review by the Supreme Court decision in *Stone v. Powell*, 428 U.S. 465, 494–95 (1976) (holding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"). Petitioner's first objection is OVERRULED.

**2. Second Objection**

Petitioner's second objection maintains that he is entitled to relief based on his claim in ground two challenging the admission of a state witness's opinion testimony as a violation of due process. (Doc. 13, 10.) Petitioner's ground two basis for relief states that "Petitioner's federal due process rights were violated when the trial court permitted a DEA agent to testify that in his opinion petitioner was a drug courier." (Doc. 12, 7.) Petitioner maintains that when Agent Dratt testified that Petitioner was a "drug courier," this "was so egregious that it constituted a violation of his due process rights." (Doc. 13, 10.)

Petitioner first argues that "Agent Dratt's testimony was clearly offered as an expert, and any other conclusion is clearly erroneous." (Doc. 13, 11.) This argument is not well taken. As the Report detailed, the Ohio Court of Appeals reviewed this question and correctly held that "Dratt was not presented as an expert witness . . . ." (Doc. 12, 17.) The Court sees no flaw in this analysis and Petitioner points to no flaw other than stating that the conclusion is "clearly erroneous." (*See* Doc. 13, 10–11.) Petitioner's arguments that follow are all based on the assumption that Agent Dratt was an expert witness. (Doc. 13, 11–13.) Given that Agent Dratt did not offer expert

testimony, Petitioner's arguments based on that assumption are inapplicable.

As a final point, Petitioner cites *United States v. Beltran-Rios*, 878 F.2d 1208 (9th Cir. 1989), for the proposition that "[e]ven if viewed as non-expert testimony, the state court should not have permitted the testimony that a typical drug courier exhibited certain characteristics and that defendants were within the description." (Doc. 13, 13.) *Beltran-Rios* did hold that drug-courier profile evidence may not be admitted during a criminal trial as substantive evidence of guilt, *id.* at 166, but Petitioner has pointed to no similar holding that is binding on this Court. This case does nothing to establish that the state-court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law," or that the decision "was based on an unreasonable determination of the facts." *See* 28 U.S.C. § 2254(d). For these reasons, and for the reasons stated in the Report's thorough and correct analysis, Petitioner's second objection is OVERRULED.

**3. Third Objection**

Petitioner's third objection maintains that his third ground for relief should not be denied as lacking a factual basis or record support. (Doc. 13, 13.) Petitioner's third ground for relief states that "Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court prevented him from presenting a defense and confronting witnesses against him at his trial." (Doc. 12, 7.) Petitioner maintains that he was deprived of his right to present a defense and confront witnesses when the trial court precluded him from questioning a witness about a supposed exculpatory statement made by co-defendant Winston Thomas. (Doc. 13, 13.) Petitioner maintains that "after their arrest, Thomas made a statement in which he indicated that Graham

had no knowledge of what Thomas was transporting in the vehicle." (Doc. 13, 14.) However, "at the time of trial, Thomas had absconded from the jurisdiction making it impossible for Graham to present Thomas' direct testimony at trial." (Doc. 13, 14.) Apparently, Petitioner sought to have Detective Schweitzer testify that Thomas told him that Petitioner was "did not have anything to [do] with the whole thing." (*See* Doc. 1-1, 32, 33.)

In considering this argument, the Ohio Court of Appeals stated that "Schweitzer testified specifically that he was not present when the statement was supposedly made and Dratt testified that he did not remember Thomas saying anything about Graham's involvement." (Doc. 12, 26–27.) In other words, "Graham failed to offer any proof that Thomas made the exculpatory statement . . . ." (Doc. 12, 26.) After reviewing the trial transcript, the magistrate judge agreed, holding that "Petitioner has presented no evidence either in the state court proceedings or in the instant action even remotely indicating that Thomas made a statement exculpating petitioner." (Doc. 12, 27.) This Court has made its own review of the trial transcript and it comes to the same conclusion. The record lends no support to Petitioner's assertion that Thomas made an exculpatory statement (*see* Doc. 10-6), and Petitioner's Objection presents nothing to indicate otherwise (*see* Doc. 13). Accordingly, Petitioner's third objection is OVERRULED.

**4. Fourth, Fifth, Sixth, Seventh, and Eighth Objections**

Because their analyses overlap, Petitioner's Fourth, Fifth, Sixth, Seventh, and Eighth objections must be considered together. To begin, Petitioner's fourth objection argues that he is entitled to relief because of prosecutorial misconduct, as alleged in

ground four. (Doc. 13, 15.) Petitioner's fourth ground for relief states that "Petitioner was denied due process of law in violation of the Fourteenth Amendment when the prosecutor engaged in numerous instances of prosecutorial misconduct including improper comments on his post-arrest silence in violation of his Fifth Amendment rights." (Doc. 12, 7.)

Petitioner objects to the prosecutor's closing argument where he referred to Petitioner's defense as, "'lies,' 'exaggeration,' 'weirdness,' etc." (Doc. 13, 16.) In analyzing this issue, the Report concluded that "petitioner committed a procedural default by failing to lodge contemporaneous objections to the prosecutor's comments during closing argument . . . ." (Doc. 12, 31.) Petitioner first argues that despite that his trial counsel failed to make contemporaneous objections, this issue is not procedurally defaulted because "any default should be excused because a fundamental miscarriage of justice will occur if this claim is not considered on the merits by this Court." (Doc. 13, 15.)

Petitioner makes an identical argument with his fifth objection and fifth ground for relief. Petitioner's fifth objection maintains that he is entitled to relief on ground five because of a violation of the confrontation clause. (Doc. 13, 16.) Petitioner's fifth ground for relief states that "Petitioner's Sixth Amendment right to confrontation was violated when the trial court admitted the forensic laboratory report without the State presenting the testimony of the lab technician who performed the analysis thereby denying him a fundamentally fair trial." (Doc. 12, 7.) As with his claim for prosecutorial misconduct, the Report concluded that "petitioner committed a procedural default by failing to lodge contemporaneous objections . . . to the admission of the lab report

without the testimony of the analyst who prepared the report." (Doc. 12, 31.) As above, Petitioner maintains that despite that his trial counsel failed to make contemporaneous objections, "procedural default should be excused in order to avoid a miscarriage of justice . . . ." (Doc. 13, 16.)

"A federal court has a duty to consider the merits of a procedurally defaulted claim if failure to do so would result in a fundamental miscarriage of justice." *Pudelski v. Wilson*, 576 F.3d 595, 606 n.2 (6th Cir. 2009). This exception applies "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "However, 'actual innocence' is an extremely narrow exception, and 'claims of actual innocence are rarely successful.'" *Gibbs v. United States*, --- F.3d ---, 2011 WL 3687623, slip op. at *3 (6th Cir. July 26, 2011) (*quoting Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Thus, Petitioner's fourth and fifth objections become an analysis of actual innocence. This overlaps with Petitioner's sixth objection, which states that the magistrate judge's determination that he failed to demonstrate actual innocence is clearly erroneous.[3] (Doc. 13, 18.)

**a. Actual Innocence**

The Report concluded that Petitioner fails to present a colorable claim of actual innocence and that he is not entitled to habeas relief based on actual innocence. (Doc. 12, 33, 45.) As the Report noted (Doc. 12, 34), to show a claim of actual innocence, a petitioner "must show that it is more likely than not that no reasonable juror would have

[3] Note that this is Petitioner's seventh ground for relief as analyzed by the Report. Specifically, this ground for relief stated that, "Petitioner is entitled to federal habeas corpus relief as he has established 'actual innocence." (Doc. 12, 7.) The Court is trying to avoid confusion by not referring to Petitioner's sixth objection as his seventh ground for relief. (*See* Doc. 13, 18) (stating that objection six relates to ground seven).

found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. This "rare" and "extraordinary" exception only applies where "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial . . . ." *Id.* at 317; *see also Johnson v. Wolfenbarger*, 391 F. App'x 510, 515 (6th Cir. 2010) ("In order to demonstrate a fundamental miscarriage of justice, a federal habeas petitioner must present reliable new evidence of actual innocence so strong that the court cannot have confidence in the outcome of the trial.")

Petitioner argues that he was actually innocent because "[t]he evidence in the record does not show that Graham had knowledge of the marijuana that was hidden in the van." (Doc. 13, 19.) First, this is not a presentation of "reliable new evidence" that a showing of actual innocence requires. *See Wolfenbarger*, 391 F. App'x at 515. Second, it strains credulity to think that Petitioner had no knowledge of the 313 pounds of marijuana inside the minivan he drove. As the Court of Appeals decision stated, "[t]he marijuana was packed in six double-wrapped bundles, each weighing over 20,000 grams [which is over 44 pounds], and one of the bundles was located within an arm's distance behind Graham's driver-side seat." *State v. Graham*, No. CA 2008-07-095, 2009 WL 1659049, slip op. at *10 (Ohio Ct. App. June 15, 2009)). Recall the facts about how the marijuana was placed in the minivan. Petitioner told police that while he and Thomas waited at a Dunkin' Donuts, three unknown individuals drove away with the minivan and brought it back a few hours later. When they returned, Petitioner and Thomas got back into the minivan and immediately began driving back to Boston. (Doc. 12, 3.) To claim that Petitioner would not notice a 44-pound bundle of marijuana within arm's reach of his seat is incredible, especially when considering that the bundle only

appeared there after three unknown men had borrowed the minivan. Under these circumstances, any reasonable person without knowledge of drug-trafficking activity would be suspicious of an unidentified 44-pound bundle that had suddenly appeared behind one's seat, regardless of the fact that it was covered by clothes. Petitioner fails to demonstrate that he had no knowledge that marijuana was hidden in the van. Accordingly, as the Report concluded, he fails to make a showing of actual innocence here.

Therefore, Petitioner's sixth objection is OVERRULED. The magistrate judge's determination on the issue of actual innocence is correct. Petitioner's fourth and fifth objections are also OVERRULED to the extent that he alleges his prosecutorial misconduct and Confrontation Clause claims are not procedurally defaulted because of a fundamental miscarriage of justice. In other words, because Petitioner has not demonstrated actual innocence, there is no fundamental miscarriage of justice here, and as a result, Petitioner's prosecutorial misconduct and Confrontation Clause claims are procedurally defaulted.

This result directly relates to Petitioner's eighth objection as well. Petitioner's eighth objection alleges that he is entitled to relief because the evidence against him was insufficient to support a find him guilty of possession of marijuana and trafficking of marijuana.[4] (Doc. 13, 23.) Here, Petitioner argues that "he was convicted on the basis of insufficient evidence," and he, "fully reiterates his argument made in Objection Six." (Doc. 13, 23.) Having already determined that Petitioner has failed to demonstrate that he had no knowledge that marijuana was hidden in the van and that his sixth objection

[4] Petitioner's eighth objection is based on his sixth ground for relief as analyzed in the Report. (Doc. 13, 23.)

is overruled, the Court holds that Petitioner's eighth objection is necessarily OVERRULED as well.

**b. Ineffective Assistance of Counsel**

Petitioner next argues that even though his trial counsel failed to object to the alleged prosecutorial misconduct (fourth objection) and to the introduction of the lab report without the testimony of the lab technician (fifth objection), these issues are not procedurally defaulted because "ineffective assistance of counsel can constitute cause for excusing a procedural default." (Doc. 13, 15, 17.) Because a claim of ineffective assistance of counsel is a proper ground on which to analyze whether procedural default may be excused, *Goodwin v. Johnson*, 632 F.3d 301, 315–16 (6th Cir. 2011), this becomes an ineffective assistance of counsel analysis. This analysis overlaps with Petitioner's seventh objection, which maintains that he is entitled to relief because he was "deprived of the effective assistance of counsel."[5] (Doc. 13, 20.) The Report concluded that Petitioner failed to demonstrate that his trial counsel was ineffective. (Doc. 12, 35–36.) Petitioner now maintains that there was no possible trial strategy for not objecting to the alleged prosecutorial misconduct, to the lab report's admission, or to "permitting the prosecuting attorney to misrepresent facts to the jury." (Doc. 13, 22, 23.)

Petitioner's arguments here have all been appropriately addressed by the Report, and they have been found to be without merit. The Report clearly articulates the reasons underlying its recommendations. After a de novo review, this Court agrees, and no further review is necessary.

Therefore, Petitioner's seventh objection is OVERRULED. The magistrate

[5] Petitioner's seventh objection is based on his ninth ground for relief as analyzed in the Report. (Doc. 13, 20.)

judge's determination on the issue of ineffective assistance of counsel is correct. Petitioner's fourth and fifth objections are also OVERRULED to the extent that he alleges his prosecutorial misconduct and Confrontation Clause claims are not procedurally defaulted because of ineffective assistance of counsel. In sum, Petitioner's fourth, fifth, sixth, seventh, and eighth objections are OVERRULED in their entirety.

**5. Ninth Objection**

Petitioner's ninth objection maintains that he is entitled to relief based on ground eight because his sentence is unlawful in that it violates the doctrine of separation of powers. (Doc. 13, 24.) Petitioner's eighth ground for relief states that "[t]he mandatory prison sentence imposed upon petitioner was unconstitutional as it removed all discretion from the province of the judiciary and violated separation of powers; constituted cruel and unusual punishment; and violated petitioner's Sixth Amendment right to a jury trial." (Doc. 12, 7.) Petitioner's only argument here is that all sentencing discretion was taken away from the sentencing court (that "the trial court was compelled to impose an 8 year sentence") thereby violating the doctrine of separation of powers. (Doc. 13, 24.)

The Report held that Petitioner's claim that "the mandatory sentence imposed in this case violates the separation-of-powers doctrine does not state a cognizable ground for federal habeas relief." (Doc. 12, 51.) As the United States Supreme Court and Sixth Circuit have both stated, this claim is "not cognizable for purposes of federal habeas review," because, "the separation of powers between a state trial judge and a state prosecutor is a matter of state law," and as such, "a federal court may not grant habeas relief based on 'a perceived error of state law.'" *Austin v. Jackson*, 213 F.3d 298, 302

(6th Cir. 2000) (*quoting Pulley v. Harris*, 465 U.S. 37, 41(1984)). Accordingly, Petitioner's ninth objection is OVERRULED.

**6. Tenth Objection**

Petitioner's tenth objection states that his motion for an evidentiary hearing should have been granted. (Doc. 13, 24.) He argues that because "he did not receive a full and fair hearing on his Fourth Amendment suppression issue in the state court," he should have been provided with an evidentiary hearing. (Doc. 13, 25.) Petitioner reiterates the arguments he made in his first objection here. (Doc. 13, 24.) Having already ruled on that objection and having held that Petitioner has received a full and fair hearing on the Fourth Amendment suppression issue, Petitioner's tenth objection is OVERRULED.

**7. Eleventh Objection**

Petitioner's eleventh and final objection states that the magistrate judge erred by not recommending that a certificate of appealability issue. (Doc. 13, 25.) Petitioner makes no specific arguments here. He only states that "reasonable jurists would find it debatable whether Graham's claims should have been resolved in a different manner," that "the issues presented are 'adequate to deserve encouragement to proceed further,'" and that "Graham should be issued a certificate of appealability on his issues." (Doc. 13, 25) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This is a general objection that is insufficient to preserve issues for review.

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (*citing Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "The objections must be clear

enough to enable the district court to discern those issues that are dispositive and contentious." *Miller* , 50 F.3d at 380. "'[O]bjections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error' are too general." *Spencer*, 449 F.3d at 725 (*quoting Miller*, 50 F.3d at 380). Furthermore, "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (*citing Miller*, 50 F.3d at 380). Because Petitioner only makes a general objection here, and because he makes no "substantial showing of the denial of a constitutional right," *Slack*, 529 U.S. at 483 (*quoting* 28 U.S.C. § 2253(c)), Petitioner's eleventh objection is OVERRULED.

## III. Conclusion

Having reviewed this matter de novo in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds Magistrate Judge Karen L. Litkovitz's Report (Doc. 12) thorough, well reasoned, and correct. The Report is **ADOPTED** in its entirety. Petitioner's objections are **OVERRULED**. As the Report recommends (Doc. 12, 53–54), the Court **ORDERS** as follows:

- Petitioner's writ of habeas corpus is **DENIED with PREJUDICE**.
- Petitioner is **DENIED** a certificate of appealability.
- Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge